Vanessa R. Waldref
United States Attorney
Eastern District of Washington
Michael D. Murphy
Assistant United States Attorney
402 E. Yakima Ave., Suite 210
Yakima, WA 98901
Telephone: (509) 454-4425

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 14, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>          v.<br><br>RAYMOND LENARD HOLT,<br><br>                    Defendant. | 1:22-CR-2060-SAB<br><br>Plea Agreement<br>Rule 11(c)(1)(C) |

Plaintiff United States of America, by and through Vanessa R. Waldref, United States Attorney for the Eastern District of Washington, and Michael D. Murphy, Assistant United States Attorney, for the Eastern District of Washington, and Defendant Raymond Leonard Holt (hereinafter "Defendant"), and the Defendant's counsel, Alex B. Hernandez III, agree to the following Plea Agreement:

1. <u>Guilty Plea and Maximum Statutory Penalties</u>:

The Defendant, Raymond Lenard Holt, agrees to enter a plea of guilty to the sole count of the Indictment filed on May 17, 2022, that being Abusive Sexual Contact in violation of 18 U.S.C. §1153 and 18 U.S.C. §§ 2244(a)(5).

Defendant understands that the following potential penalties apply to a violation of Abusive Sexual Contact in violation of 18 U.S.C. §§ 2244(a)(5) and 2246(3):

      a.     a term of imprisonment of up to a lifetime;

      b.     a term of supervised release of not less than 5 years and up to a lifetime;

      c.     a fine of up to $250,000;

      d.     restitution; and

      e.     a mandatory special assessment of $5,000 pursuant to the Justice for Victims of Trafficking Act ("JVTA") of 2015, absent a judicial finding of indigence;

      f.     a $100 special penalty assessment.

2.   <u>Supervised Release</u>

Defendant understands that if Defendant violates any condition of Defendant's supervised release, the Court may revoke Defendant's term of supervised release, and require Defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on postrelease supervision, up to the following terms:

      a.     5 years in prison if the offense that resulted in the term of Supervised Release is a class A felony,

      b.     3 years in prison if the offense that resulted in the term of Supervised Release is a class B felony, and/or

      c.     2 years in prison if the offense that resulted in the term of Supervised Release is a class C felony.

Accordingly, Defendant understands that if Defendant commits one or more violations of supervised release, Defendant could serve a total term of

incarceration greater than the maximum sentence authorized by statute for Defendant's offense or offenses of conviction.

### 3. Rule 11 Nature of the Plea Agreement

Defendant acknowledges that this Plea Agreement is entered pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) ("Rule 11(c)(1)(C)"). Pursuant to Rule 11(c)(1)(C), the United States and Defendant agree that the appropriate disposition of the case is a term of 2 to 5 years (24 to 60 months) of imprisonment, to be followed by no less than 5 years of Supervised Release. The United States and Defendant agree to make those sentencing recommendations to the Court. Although the United States and Defendant agree to make these recommendations to the Court pursuant to Rule 11(c)(1)(C), Defendant acknowledges that no promises of any type have been made to Defendant with respect to the sentence the Court will ultimately impose.

Defendant understands that Defendant may withdraw from this Plea Agreement if the Court imposes a term of imprisonment of greater than 60 months (5 years) or indicates its intent to do so. Defendant also understands that the United States may withdraw from this Plea Agreement if the Court imposes a term of imprisonment of less than 24 months (2 years) or a term of supervised release of less than 5 years, or indicates its intent to do so.

The United States and Defendant acknowledge that the imposition of any fine, restitution, or conditions of Supervised Release are not part of the Rule 11(c)(1)(C) nature of this Plea Agreement; that the United States and Defendant are free to make any recommendations they deem appropriate as to the imposition of fines, restitution, or conditions of Supervised Release; and that the Court will exercise its discretion in this regard. The United States and Defendant acknowledge that the Court's decisions regarding the imposition of fines, restitution, or conditions of Supervised Release will not provide bases for

Defendant to withdraw Defendant's guilty plea or withdraw from this Rule 11(c)(1)(C) Plea Agreement.

Defendant acknowledges that if either the United States or Defendant successfully withdraws from this Plea Agreement, the Plea Agreement becomes a nullity, and the United States is no longer bound by any representations within it.

4. <u>Waiver of Constitutional Rights:</u>

The Defendant understands that by entering this plea of guilty the Defendant is knowingly and voluntarily waiving certain constitutional rights, including:

      a. The right to a jury trial;

      b. The right to see, hear and question the witnesses;

      c. The right to remain silent at trial;

      d. The right to testify at trial; and

      e. The right to compel witnesses to testify.

While the Defendant is waiving certain constitutional rights, the Defendant understands the Defendant retains the right to be assisted through the sentencing and any direct appeal of the conviction and sentence by an attorney, who will be appointed at no cost if the Defendant cannot afford to hire an attorney.

5. <u>Elements of the Offense:</u>

The United States and the Defendant agree that in order to convict the Defendant of Abusive Sexual Contact in violation of 18 U.S.C. §§ 1153, 2244(a)(5) and 2246(3), the United States must prove beyond a reasonable doubt the following elements:

First, the Defendant knowingly engaged in or caused sexual contact with the victim;

Second, the circumstances of the sexual contact would violate 18 U.S.C. §

2241(c)[1] if the sexual contact had been a sexual act; and

Third, the victim had not attained the age of 12 years at the time of the sexual contact;

Fourth, the incident occurred in Indian Country; and

Fifth, the victim is an Indian.

In this case, the term "sexual contact" means the intentional touching, either directly or through the clothing, of the genitalia, anus, groin, breast, inner thigh, or buttocks of any person with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person. 18 U.S.C. § 2246(3).

6. <u>Factual Basis and Statement of Facts</u>:

Between on or about March 5, 2013 and on or about March 4, 2016, the Defendant, Raymond Lenard Holt, knowingly engaged in the touching of Minor 1, directly and through clothing, on her buttocks. He did so in order to arouse or gratify his own sexual desire. Minor 1 was participating in an after-school program at the time Raymond Leonard Holt sexually touched her on her buttocks and was under twelve years old at the time. Raymond Lenard Holt admitted to touching

---

[1] 18 U.S.C. § 2241(c) "With children.--Whoever crosses a State line with intent to engage in a sexual act with a person who has not attained the age of 12 years, or in the special maritime and territorial jurisdiction of the United States or in a Federal prison, or in any prison, institution, or facility in which persons are held in custody by direction of or pursuant to a contract or agreement with the head of any Federal department or agency, knowingly engages in a sexual act with another person who has not attained the age of 12 years, or knowingly engages in a sexual act under the circumstances described in subsections (a) and (b) with another person who has attained the age of 12 years but has not attained the age of 16 years (and is at least 4 years younger than the person so engaging), or attempts to do so, shall be fined under this title and imprisoned for not less than 30 years or for life. If the defendant has previously been convicted of another Federal offense under this subsection, or of a State offense that would have been an offense under either such provision had the offense occurred in a Federal prison, unless the death penalty is imposed, the defendant shall be sentenced to life in prison."

Minor 1, on her buttocks, under her clothing and while she was sitting on his lap in an interview with law enforcement on October 18, 2021. Raymond Lenard Holt was a volunteer with the after school program at the time he sexually touched Minor 1 and the touching occurred while Minor 1 was located within the exterior bounds of the Yakama Nation. Minor 1 is an enrolled member of the Yakama Nation and by that fact and by blood is considered an "Indian" under Federal law. The Yakama Nation in the Eastern District of Washington and is therefore considered "Indian Country" under Federal law.

This statement of facts does not preclude either party from presenting and arguing, for sentencing purposes, additional facts which are relevant to the guideline computation or sentencing, unless otherwise prohibited in this agreement.

7.  Waiver of Inadmissibility of Statements:

The Defendant agrees to waive the inadmissibility of statements made in the course of plea discussions with the United States, pursuant to Fed. R. Crim. P. 11(f). This waiver shall apply if the Defendant withdraws this guilty plea or breaches this Plea Agreement. The Defendant acknowledges that any statements made by the Defendant to law enforcement agents in the course of plea discussions in this case would be admissible against the Defendant in the United States' case-in-chief if the Defendant were to withdraw or breach this Plea Agreement.

8.  The United States Agrees:

The United States Attorney's Office for the Eastern District of Washington agrees not to bring any additional charges against the Defendant based upon information in its possession at the time of this Plea Agreement and arising out of Defendant's conduct involving illegal activity charged in the Indictment and the Information, unless the Defendant breaches this Plea Agreement any time before or after sentencing.

Plea Agreement                     6

9. <u>United States Sentencing Guideline Calculations</u>:

The Defendant understands and acknowledges that the United States Sentencing Guidelines (hereinafter "U.S.S.G.") are advisory to this case and that the Court will determine the Defendant's applicable sentencing guideline range at the time of sentencing.

    a.  <u>Base Offense Level:</u>

The United States and the Defendant have no agreement regarding the Base Offense Level.

    b.  <u>Specific Offense Characteristics</u>:

The United States and the Defendant have no agreement regarding which specific offense characteristics may apply.

10. <u>Acceptance of Responsibility:</u>

If the Defendant pleads guilty and demonstrates a recognition and an affirmative acceptance of personal responsibility for the criminal conduct; provides complete and accurate information during the sentencing process; does not commit nor is found to have committed any obstructive conduct; and accepts this Plea Agreement, the United States recommend a two (2) level downward adjustment in the offense level. U.S.S.G. §3E1.1(a). The United States will recommend a third point pursuant to U.S.S.G. §3E1.1(b), if the adjusted offense level is sixteen (16), or greater. The Defendant and the United States agree that the United States may at its option, and upon written notice to the Defendant, not recommend the three (3) level downward reduction for acceptance of responsibility if, prior to the imposition of sentence, the Defendant is charged or convicted of any criminal offense whatsoever or if the Defendant tests positive for any controlled substance.

11. <u>Criminal History:</u>

The United States and the Defendant understand that the Defendant's criminal history computation ultimately will be determined by the Court after

1    review of the Presentence Investigation Report. The United States and the

2    Defendant have made no agreement and make no representations as to the criminal

3    history category, which shall be determined after the Presentence Investigation

4    Report is completed.

5        12. Incarceration:

6        The United States and the Defendant agree that this Plea Agreement is

7    entered pursuant to Fed.R.Crim.P. 11(c)(1)(C) and to recommend Defendant be

8    sentenced to a total of 2 years (24 months) to 5 years (60 months) imprisonment

9    for Abusive Sexual Contact in violation of 18 U.S.C. §§ 1153, 2244(a)(5) and

10   2246(3), as charged in the Indictment. If the Court does not accept the plea or

11   chooses to sentence the Defendant to a greater or lesser sentence than the United

12   States and the Defendant have agreed upon, the Defendant and the United States

13   may each withdraw from the Plea Agreement and this agreement is null and void.

14       13. Criminal Fine:

15       The United States and the Defendant recommend that no criminal fine be

16   imposed.

17

18       14. Supervised Release:

19       The United States and the Defendant agree to recommend that the Court

20   impose a term of supervised release of at least five (5) years and up to twenty

21   years; however, the Court may, in its discretion, impose any term of supervised

22   release allowed under law.

23       15. Restitution:

24       The United States and Defendant agree that restitution is appropriate and

25   mandatory. 18 U.S.C. §§ 2259, 3663, 3663A, 3664. Defendant acknowledges that

26   restitution is mandatory, without regard to Defendant's economic situation, to

27   Minor 1 as well as any other identifiable victims of his offense conduct. Defendant

28   understands that for purposes of 18 U.S.C. § 2259, "victim" means the individual

Plea Agreement                    8

harmed as a result of a commission of the crime, including, in the case of a victim who is under 18 years of age, the legal guardian of the victim. The United States and Defendant also hereby stipulate and agree that the Court shall order full restitution, as appropriate, to any entity, organization, insurance company, individual, and/or medical provider who provided medical services and/or funds related to the treatment of any victim.

With respect to restitution, the United States and Defendant agree to the following:

a. <u>Restitution Amount and Interest</u>

The United States and Defendant hereby stipulate and agree that, pursuant to 18 U.S.C. §§ 2259, 3663, 3663A and 3664, and pursuant to Federal Rule of Criminal Procedure Rule 11(c)(1)(C), the Court shall order restitution in an amount to be determined at or before sentencing, but no greater than $10,000. The interest on this restitution amount should be waived. Defendant acknowledges that Defendant may not withdraw from the Plea Agreement based on the amount of restitution that the Court orders; however, the United States may withdraw from the Plea Agreement if the Court does not order restitution as set forth in this Plea Agreement.

b. <u>Payments</u>

The United States and Defendant agree that if the Court imposes restitution, the Court will set a restitution payment schedule based on Defendant's financial circumstances. 18 U.S.C. § 3664(f)(2), (3)(A). Defendant agrees to pay not less than 10% of Defendant's net monthly income towards any restitution obligation.

c. <u>Treasury Offset Program and Collection</u>

Defendant understands that the Treasury Offset Program ("TOP") collects delinquent debts owed to federal agencies. Defendant acknowledges that, if applicable, the TOP may take part or all of Defendant's federal tax refund, federal

retirement benefits, or other federal benefits and apply these monies to Defendant's restitution obligations. 26 U.S.C. § 6402(d); 31 U.S.C. § 3720A; 31 U.S.C. § 3716.

Defendant also understands the United States may, notwithstanding the Court-imposed payment schedule, pursue other avenues to ensure a restitution obligation is satisfied, including, but not limited to, garnishment of available funds, wages, or assets. 18 U.S.C. §§ 3572, 3613, and 3664(m).

Nothing in this acknowledgment shall be construed to limit Defendant's ability to assert any specifically identified exemptions as provided by law, except as set forth in this Plea Agreement.

d. Notifications

Defendant agrees to notify the Court and the United States of any material change in Defendant's economic circumstances (e.g., inheritances, monetary gifts, changed employment, or income increases) that might affect Defendant's ability to pay restitution. 18 U.S.C. § 3664(k). This obligation ceases when the restitution is paid-in-full.

Defendant agrees to notify the United States of any address change within 30 days of the change. 18 U.S.C. § 3612(b)(F). This obligation ceases when the restitution is paid-in-full.

16. Mandatory Special Penalty Assessment:

The Defendant agrees to pay the $100 mandatory special penalty assessment to the Clerk of Court for the Eastern District of Washington, at or before sentencing, pursuant to 18 U.S.C. § 3013 and shall provide a receipt from the Clerk to the United States before sentencing as proof of this payment.

Absent a finding by the Court of indigence, the Defendant agrees to pay the mandatory special assessment of $5,000 pursuant to the Justice for Victims of Trafficking Act ("JVTA") of 2015.

17. <u>Payments While Incarcerated:</u>

If the Defendant lacks the financial resources to pay the monetary obligations imposed by the Court, the Defendant agrees to earn the money to pay toward these obligations by participating in the Bureau of Prisons' Inmate Financial Responsibility Program.

18. <u>Additional Violations of Law Can Void Plea Agreement:</u>

The Defendant and the United States agree that the United States may at its option and upon written notice to the Defendant, withdraw from this Plea Agreement or modify its recommendation for sentence if, prior to the imposition of sentence, the Defendant is charged or convicted of any criminal offense whatsoever or if the Defendant tests positive for any controlled substance.

19. <u>Appeal Rights</u>

In return for the concessions that the United States has made in this Plea Agreement, Defendant agrees to waive Defendant's right to appeal Defendant's conviction and sentence if the Court imposes a term of imprisonment consistent with the terms of this Rule 11(c)(1)(C) Plea Agreement.

If the Court indicates its intent to impose a sentence above the Rule 11(c)(1)(C) terms of this Agreement and Defendant chooses not to withdraw, then Defendant: (a) may appeal only Defendant's sentence, but not Defendant's conviction; (b) may appeal Defendant's sentence only if it exceeds the high end of the Guidelines range determined by the Court; and (c) may appeal only the substantive reasonableness of Defendant's sentence. . Defendant expressly waives Defendant's right to appeal any fine, or term of supervised release. Defendant expressly waives Defendant's right to appeal any restitution order so long as restitution does not exceed $10,000.

Defendant expressly waives the right to file any post-conviction motion attacking Defendant's conviction and sentence, including a motion pursuant to 28

Plea Agreement                    11

U.S.C. § 2255, except one based on ineffective assistance of counsel arising from information not now known by Defendant and which, in the exercise of due diligence, Defendant could not know by the time the Court imposes sentence. Nothing in this Plea Agreement shall preclude the United States from opposing any post-conviction motion for a reduction of sentence or other attack upon the conviction or sentence, including, but not limited to, writ of habeas corpus proceedings brought pursuant to 28 U.S.C. § 2255.

20. Compassionate Release

*The Court will not enforce this paragraph. [signature] 3/14/2023*

In consideration for the benefits Defendant is receiving under the terms of this Plea Agreement, Defendant expressly waives Defendant's right to bring any motion for Compassionate Release other than a motion arising from one of the specific bases set forth in this paragraph of this Plea Agreement. The United States retains the right to oppose, on any basis, any motion Defendant files for Compassionate Release.

The only bases on which Defendant may file a motion for Compassionate Release in the Eastern District of Washington are the following:

    a.   Medical Condition of Defendant

        i.    Defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia; or

        ii.   Defendant is suffering from a serious physical or medical condition, a serious functional or cognitive impairment,

or deteriorating physical or mental health because of the aging process that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which Defendant is not expected to recover.

b. <u>Age of Defendant</u>

   i. Defendant is at least 65 years old, is experiencing a serious deterioration in physical or mental health because of the aging process; and has served at least 10 years or 75 percent of Defendant's term of imprisonment, whichever is less; or

   ii. Defendant is at least 70 years old and has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which Defendant is imprisoned.

c. <u>Family Circumstances</u>

   i. The caregiver of Defendant's minor child or children has died or become incapacitated, and Defendant is the only available caregiver for Defendant's minor child or children; or

   ii. Defendant's spouse or registered partner has become incapacitated, and Defendant is the only available caregiver for Defendant's spouse or registered partner.

d. <u>Subsequent Reduction to Mandatory Sentence</u>

   i. Defendant pleaded guilty to an offense which, on the date of Defendant's guilty plea, carried a mandatory minimum sentence; and

ii.    after the entry of judgment, the length of the mandatory minimum sentence for Defendant's offense of conviction was reduced by a change in the law; and

iii.    the application of the reduced mandatory minimum sentence would result in Defendant receiving a lower overall sentence.

e.    <u>Ineffective Assistance of Counsel</u>

i.    Defendant seeks Compassionate Release based on a claim of ineffective assistance of counsel arising from information that Defendant both

1.    did not know at the time of Defendant's guilty plea, and

2.    could not have known, in the exercise of due diligence, at the time the Court imposed sentence.

21. <u>Withdrawal or Vacatur of Defendant's Plea</u>

Should Defendant successfully move to withdraw from this Plea Agreement or should Defendant's conviction be set aside, vacated, reversed, or dismissed under any circumstance, then:

a.    this Plea Agreement shall become null and void;

b.    the United States may prosecute Defendant on all available charges;

c.    The United States may reinstate any counts that have been dismissed, have been superseded by the filing of another charging instrument, or were not charged because of this Plea Agreement; and

d.    the United States may file any new charges that would otherwise be barred by this Plea Agreement.

The decision to pursue any or all of these options is solely in the discretion of the United States Attorney's Office.

Defendant agrees to waive any objections, motions, and/or defenses Defendant might have to the United States' decisions to seek, reinstate, or reinitiate charges if a count of conviction is withdrawn, set aside, vacated, reversed, or dismissed, including any claim that the United States has violated Double Jeopardy.

Defendant agrees not to raise any objections based on the passage of time, including but not limited to, alleged violations of any statutes of limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment.

22. Notice of Sex Offender Registration

Defendant has been advised and understands, that as a convicted sex offender, under the Sex Offender Registration and Notification Act, a federal law, the Defendant must register and keep the registration current in each of the following jurisdictions: the location of the Defendant's residence, the location of the Defendant's employment, and, if the Defendant is a student, the location of the Defendant's school. Registration will require the Defendant provide information that includes name, residence address, and the names and addresses of any places at which the Defendant is or will be an employee or a student. Defendant understands that he must update his registrations not later than three business days after any change of name, residence, employment, or student status. The Defendant understands that failure to comply with these obligations subjects the Defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is

1   punishable by a fine or imprisonment or both.

2        23. Integration Clause:

3            The United States and Defendant acknowledge that this document

4   constitutes the entire Plea Agreement between the United States and Defendant,

5   and no other promises, agreements, or conditions exist between the United States

6   and Defendant concerning the resolution of the case.

7        This Plea Agreement is binding only on the United States Attorney's Office

8   for the Eastern District of Washington, and cannot bind other federal, state, or local

9   authorities.

10       The United States and Defendant agree that this Agreement cannot be

11  modified except in a writing that is signed by the United States and Defendant.

12

13

14

15                          Approvals and Signatures

16       Agreed and submitted on behalf of the United States Attorney's Office for

17  the Eastern District of Washington.

18  Vanessa R. Waldref
19  United States Attorney

20                                                    3-14-23

21  Michael D. Murphy                                 Date
22  Assistant United States Attorney

23

24       I have read this Plea Agreement and have carefully reviewed and discussed

25  every part of the agreement with my attorney. I understand and voluntarily enter

26  into this Plea Agreement. Furthermore, I have consulted with my attorney about

27  my rights, I understand those rights, and I am satisfied with the representation of

28  my attorney in this case. No other promises or inducements have been made to

Plea Agreement                    16

me, other than those contained in this Plea Agreement, and no one has threatened

or forced me in any way to enter into this Plea Agreement.  I am agreeing to plead

guilty because I am guilty.

_____          03/14/23
Raymond Lenard Holt                       Date
Defendant


    I have read the Plea Agreement and have discussed the contents of the

agreement with my client.  The Plea Agreement accurately and completely sets

forth the entirety of the agreement between the parties.  I concur in my client's

decision to plead guilty as set forth in the Plea Agreement. There is no legal reason

why the Court should not accept the Defendant's plea of guilty.

_____          3-14-23
Alex B. Hernandez, III                    Date
Attorney for the Defendant