Alex B. Hernandez, III
Federal Defenders of Eastern Washington & Idaho
306 E. Chestnut Ave.
Yakima, WA 98901
(509) 248-8920

Attorney for Defendant
Raymond Lenard Holt

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
The Honorable Stanley A. Bastian

| | |
|---|---|
| United States of America,<br><br>                               Plaintiff,<br><br>  v.<br><br>Raymond Lenard Holt,<br><br>                              Defendant. | No.  1:22-CR-2060-SAB<br><br>Defendant's Sentencing Memorandum |

Raymond Lenard Holt is 76 years old, and for most of his life he's protected and defended others.  He protected his younger siblings from their abusive father, and he fought with and defended his fellow Marines, soldiers, and country.  Just one time he failed to protect and defend others, and this occurred in March 2013 and 2016 when he inappropriately touched a minor child.  Mr. Holt does not know why he did this, perhaps as is wife indicated his conduct was "perhaps out of a combination of her husband's experiences as a child, his traumatic experiences in the military, his

Defendant's Sentencing
Memorandum: 1

prostate cancer, and residual effects of it to included feelings of inadequacy could have contributed [to the offense conduct]." [ECF No. 54 (Presentence Investigation Report) at ¶67]. Whatever the reason, Mr. Holt is ashamed and remorseful what he did, he "just want[s] to make amends, understand [himself] and why [he] did it so nothing like [this] ever happens again." *Id.* at ¶76.

### I. Base Offense Level and Enhancements.

Mr. Holt had no objections to the guideline calculations in the Presentence Investigation Report. [ECF No. 54].

### II. Departures.

Mr. Holt is not seeking a downward departure.

### III. Sentencing Under 18 U.S.C. § 3553(a)

The determining an appropriate sentence, the Court must consider the sentencing factors of § 3553(a), as well as the nature and circumstances of the offense and the characteristics of the defendant in fashioning a sentence. The sentence imposed by the Court must be "sufficient, but not greater than necessary to accomplish the goals of sentencing." *Kimbrough v. United States*, 552 U.S. 85 (2007). Pursuant to the Rule 11(c)(1)(C) plea agreement, Mr. Holt requests the Court impose a sentence of 24 months imprisonment and a 5-year term of supervised release. Such a sentence is sufficient but not greater than necessary to meet the goals of sentencing.

//

Defendant's Sentencing
Memorandum: 2

**1. Nature and Circumstances of the Offense.**

Mr. Holt pled guilty to abusive sexual contact with a child. The contact occurred on a bus that provided transportation to minors participating in an after-school program. Mr. Holt touched the minor inappropriately on her buttocks.

Based on the nature and circumstances of the offense, a long term of imprisonment is unnecessary to meet the goals of sentencing. A sentence of 24 months imprisonment and 5 years of supervised release is sufficient but not greater than necessary.

**2. History and Characteristics of Raymond Lenard Holt.**

The Court must also consider Mr. Holt's history and characteristics when determining an appropriate sentence. Mr. Holt grew up in a volatile home environment. His father was an alcoholic and "physically and mentally abusive to the family." [ECF No. 54 at ¶57]. While he tried to please his father, Mr. Holt fell short of meeting his expectations and, instead, Mr. Holt became the protector of his younger siblings from his father's physical abuse. Not surprisingly, Mr. Holt did not stay very long with his family and enlisted in the military when he was 18 or 19 years old.

Mr. Holt was in the military for 27 years, fighting in Vietnam as a Marine and then training soldiers in U.S. Army. Mr. Holt received many awards for his service

Defendant's Sentencing
Memorandum:  3

and was honorably discharged from the U.S. Marine Corps in 1980, and he officially retired in 2003 from the Marines and the U.S. Army in 2007.  ECF No 54 at ¶¶s85-93.

Unfortunately, being in the military took a toll on Mr. Holt.  He has experiencing PTSD throughout his life but didn't even know it until he began counseling in November 2022.  *Id.* at ¶73.  According to his counselor, Mr. Holt's PTSD "from serving two tours in Vietnam, was significantly impacting his marriage, life, and behavior." *Id.* at ¶78.  Mr. Holt's wife recalls observing Mr. Holt over the years experiencing night terrors due to his experiences in Vietnam.

Because of his conduct in this offense, Mr. Holt sought counseling to deal with his emotions and depression.  He had thoughts of suicide and was hospitalized.  Mr. Holt also participated in marriage counseling to repair the damage he caused to his marriage and sought counseling to help understand his actions in this offense.  Mr. Holt's expressed remorse for his actions and stated in the mental health intake he "deserved to be arrested and feel[s] terrible for what [he] did.  I just don't understand it. . . I want her to know it was totally my fault . . . I just want to make amends, understand myself and why I did it so nothing like that ever happens again." *Id.* at ¶76. When seeking help for his conduct in this offense, Mr. Holt's efforts in counseling have helped deal with many issues he had been experiencing, and "it was opined that Mr. Holt's PTSD through Lifespan integration Therapy was in remission, as there was an absence of the . . . symptoms . . . and that with continued therapy, his

Defendant's Sentencing Memorandum:  4

marriage relationship, person patterns, and behavior should greatly improve." *Id.* at ¶78.

Mr. Holt understands what he did was wrong and that his actions affected the minor. Mr. Holt "expressed remorse for his actions and the mental anguish the victim has gone through." *Id.* at ¶30. Mr. Holt noted that victim did nothing wrong, and that he is solely responsible for what happened. *Id.* He is also disappointed in himself and the impact it has had on his family. Two of Mr. Holt's adult children do not speak to him, and he's had no contact with his grandchildren since his arrest. Further, after he is sentenced Mr. Holt believes he and his wife will no longer be able to live in their adult home facility, and his benefits will cease, resulting in his wife having limited income while he's gone. Mr. Holt's wife will not be able to live with their children and he will not be available to care for her due to her medical conditions. *Id.* at ¶66.

Mrs. Holt described Mr. Holt is a man of integrity with a desire to protect and help others and was a hard worker. About 10 years ago, Mr. Holt was diagnosed with prostate cancer due to exposure to agent orange while in the military. Mrs. Holt noticed after the surgery, Mr. Holt became more depressed and withdrew and isolated. After Mr. Holt began counseling, Mrs. Holt noted "he is more like the husband she always wanted," and that he ". . . is mainly concerned about the pain he has caused others." *Id.* at ¶66. She indicated that their family has been hurt by Mr.

Defendant's Sentencing Memorandum: 5

Holt's actions, as well.  While the family loves Mr. Holt, the do not love what he did.  Future contact with their minor children will be supervised by family members.  Mrs. Holt noted that Mr. Holt's incarceration will result in losing two thirds of their income, and her primary caregiver will be gone.

Considering Mr. Holt's history and characteristics, a long sentence is not necessary to meet the goals of sentencing.  For most of his life, Mr. Holt has led an exemplary life of service to his country and family.  While his conduct in this offense is serious, it does not appear Mr. Holt has engaged in similar conduct before this offense.  Recognizing he needed help, Mr. Holt sought counseling to help prevent this sort of behavior in the future, to repair the damage he caused to his marriage, and deal with his depression and PTSD.  Mr. Holt is remorseful for his conduct and does not blame the victim for his actions.  Therefore, considering the history and characteristics of Mr. Holt, a sentence of 24 months imprisonment and 5 years of supervision is sufficient but not greater than necessary to meet the goals of sentencing.

**Conclusion**.

Mr. Holt requests the Court impose a sentence of 24 months imprisonment and 5 years of supervised release.

//

//

Defendant's Sentencing Memorandum:  6

Dated: June 7, 2023.

Respectfully Submitted,

s/Alex B. Hernandez, III
Alex B. Hernandez, III, 21807
Attorney for Raymond Lenard Holt
Federal Defenders of Eastern
Washington and Idaho, Attorneys for
306 East Chestnut Avenue
Yakima, Washington 98901
(509) 248-8920
(509) 248-9118 fax
Ben_Hernandez@fd.org

Defendant's Sentencing
Memorandum: 7

CERTIFICATE OF SERVICE

I certify that on June 7, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to: Michael Murphy, Assistant United States Attorney, and Carrie Valencia, United States Probation Officer.

                                        s/Alex B. Hernandez, III
                                        Alex B. Hernandez III, 21807
                                        Attorney for Raymond Lenard Holt